F I L E D
**United States Court of Appeals
Tenth Circuit**

**May 3, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENJAMIN SANCHEZ-VALDEZ,

Defendant - Appellant.

No. 05-1134

(D. Colorado)

(D.C. No. 04-CR-41-K)

## ORDER AND JUDGMENT[*]

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-Appellant Benjamin Sanchez-Valdez pled guilty to one count of unlawful reentry by a deported alien previously convicted for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to forty-two months' imprisonment. Sanchez-Valdez has filed a timely notice of appeal.

Sanchez-Valdez's appointed counsel, Raymond P. Moore, has filed an Anders brief and moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Sanchez-Valdez has filed a response brief to the Anders brief. The government has declined to submit a brief. For the following reasons, we grant Sanchez-Valdez's counsel's motion to withdraw and we dismiss this appeal.

**BACKGROUND**

Sanchez-Valdez was charged in a one-count indictment with unlawful reentry by a deported alien previously convicted for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). He eventually entered into a plea agreement, in which he admitted his guilt in exchange for the government's agreement to recommend a three-level reduction in his base offense level for acceptance of responsibility. The government also agreed to recommend a forty percent downward departure from the sentencing range calculated under the United States Sentencing Commission, Guidelines Manual ("USSG") (Nov. 2004), in exchange for his substantial assistance.

At Sanchez-Valdez's change of plea hearing, he was advised of: the possible penalties he faced for the offense to which he was pleading guilty, his rights to counsel, to a jury trial, to the presumption of innocence, to proof of guilt beyond a reasonable doubt, to confrontation of witnesses, to be free from compelled self-incrimination, and to compulsory process. Sanchez-Valdez indicated he understood those rights and that, by pleading guilty, he was giving up those rights. The district court also explained the potential impact of United States v. Booker, 543 U.S. 220 (2005), which was pending before the Supreme Court at the time of the hearing.

As a factual basis for the plea, and as articulated in the plea agreement, the government proffered that its evidence would show: that Sanchez-Valdez was a citizen of Mexico; that on June 11, 1996, he was convicted in the state district court for Adams County, Colorado, of second-degree assault (an aggravated felony) and sentenced to fifteen months' imprisonment; that he was removed from the United States on March 18, 1999, pursuant to a removal order issued by an immigration judge; that he illegally reentered the United States and was removed for a second time on November 21, 2002; that he illegally reentered the United States once again on June 10, 2003; and that he was found to be illegally in the United States on December 30, 2003, after being arrested for public intoxication. Sanchez-Valdez admitted those facts, but stated that, with respect to the Adams

County case, he was misled into accepting a deal and that he did not receive the sentence he thought he would. He nonetheless reiterated that he wished to proceed with the plea agreement, and he pled guilty.

The probation office prepared a presentence report ("PSR"), which calculated an adjusted offense level of 21, which included the three-point reduction for acceptance of responsibility and a criminal history category of V. This yielded a Guideline sentencing range of seventy to eighty-seven months. Neither the government nor Sanchez-Valdez filed any written objections to the PSR. Pursuant to its commitment in the plea agreement, the government filed a motion for a downward departure of forty percent from the Guideline range. The PSR accordingly recommended a sentence of forty-two months.

At his sentencing hearing, Sanchez-Valdez requested a further downward departure, based upon two concerns. First, he argued that the circumstances surrounding his 1996 conviction for assault, which resulted in a sixteen-level increase in his offense level and raised his criminal history category from IV to V, were unfair because he had planned to go to trial but agreed at the last minute to plead guilty with the understanding that he would receive a sentence of probation. Instead, he was sentenced to fifteen months. Sanchez-Valdez accordingly asked for a further six-month reduction in his sentence.

Second, Sanchez-Valdez produced documents showing he had been granted permanent resident status in 1999, and he alleged that he had subsequently entered the country in reliance on those documents. He argued this supported an additional reduction of his sentence.

In pronouncing his sentence, the district court followed <u>Booker</u> and considered the sentencing factors contained in 18 U.S.C. § 3553, as well as the applicable Guideline range. After agreeing to the forty percent reduction sought by the government, the court considered Sanchez-Valdez's arguments for a further reduction. With respect to his argument concerning his 1996 conviction for assault, while the court "appreciate[d] that [Sanchez-Valdez] feels that he was not treated fairly in that case and that he was not adequately represented[,]" the court nonetheless held that:

> [h]is remedy . . . for that was at the time that conviction occurred. It was either to seek an appeal from the conviction or come to this court for relief under *habeas corpus.* The time periods for both of those actions have expired, and this court cannot go back and reopen that particular case to address any problems that occurred in it.

Tr. of Sentencing Hr'g at 22, R. Vol. III. The court further stated that, to the extent Sanchez-Valdez was arguing that the 1996 conviction resulted in an overstatement of his criminal history, his argument was unavailing because Sanchez-Valdez "has . . . 14 convictions in a 15-year period" and that "one has to work pretty hard to get 14 convictions in 15 years, especially when one is moving

in and out of the country either voluntarily or involuntarily during that same time period." Id. at 22-23.

With respect to his argument concerning his prior permanent resident status, the court stated that it was irrelevant to his current offense because "the fact of the matter is [Sanchez-Valdez] didn't have authorization when he most recently reentered, and that's what we're concerned with." Id. at 24. The court accordingly rejected Sanchez-Valdez's argument for a further downward departure and sentenced him to forty-two months.

Sanchez-Valdez's attorney, in his Anders brief, argues that an appeal of Sanchez-Valdez's conviction and/or sentence would be frivolous because there is no viable challenge to the validity of Sanchez-Valdez's guilty plea; Sanchez-Valdez received a bargained-for downward departure; and the district court's sentence was otherwise reasonable. Sanchez-Valdez's response to his counsel's Anders brief appears to assert that he was wrongly convicted because his permanent resident card purported to be valid through 2009; that his counsel was ineffective; that the plea agreement incorrectly states that he was deported three

times previously when in fact he had only been deported twice before;[1] and that

his guilty plea was the product of coercion.


## DISCUSSION

Anders authorizes counsel to request permission to withdraw where counsel

has conscientiously examined the case and has determined that any appeal would

be wholly frivolous. Anders, 386 U.S. at 744; see also United States v. Calderon,

428 F.3d 928, 930 (10th Cir. 2005). Accordingly,

> [u]nder Anders, counsel must submit a brief to the client and the
> appellate court indicating any potential appealable issues based on
> the record. The client may then choose to submit arguments to the
> court. The Court must then conduct a full examination of the record
> to determine whether defendant's claims are wholly frivolous. If the
> court concludes after such an examination that the appeal is
> frivolous, it may grant counsel's motion to withdraw and may dismiss
> the appeal.

Id. (citing Anders, 386 U.S. at 744). After fully examining the record and after

considering both Sanchez-Valdez's response and the Anders brief filed by his

counsel, we conclude that there are no non-frivolous issues upon which Sanchez-

Valdez may base his appeal.

---

[1]The plea agreement actually states that Sanchez-Valdez was deported twice before his arrest on the current charge of illegal reentry. Contrary to what Sanchez-Valdez asserts, the agreement does not state that he was deported three times previously.

Sanchez-Valdez's attorney argues that "[b]ecause the district court thoroughly explained the consequences of the guilty plea, addressed the specific terms of the plea agreement, and in every way complied with [Fed. R. Crim. P.] 11, counsel can find no non-frivolous challenge to the guilty plea." Appellant's Opening Br. at 8. After examining the record, we agree. There is no basis for a conclusion that the plea agreement was the product of coercion.

Further, Sanchez-Valdez's sentence is reasonable. Following the Supreme Court's decision in Booker, 543 U.S. 220, the Guidelines are advisory. Nonetheless, courts must still "consider" the applicable Guideline range. United States v. Gonzalez-Huerta, 403 F.3d 727, 748-49 (10th Cir.) (en banc), cert. denied, 126 S. Ct. 495 (2005). We review for reasonableness the ultimate sentence imposed. Booker, 543 U.S. at 261-62 (Breyer, J.).

In this case, the district court first departed downward from the suggested Guideline range by forty percent based on the government's motion, as promised in the plea agreement. Sanchez-Valdez argues the court should have departed downward still further, based upon the alleged unfairness surrounding his 1996 assault conviction and because of his earlier-issued permanent resident documents. The district court explained why it declined to depart further on the basis of those two arguments. Its decision was "reasoned and reasonable." United States v. Tsosie, 376 F.3d 1210, 1218 (10th Cir. 2004) (further quotation

omitted), <u>cert. denied</u>, 543 U.S. 1155 (2005); <u>see also</u> <u>Booker</u>, 543 U.S. at 262 (citing with approval <u>Tsosie</u>, 376 F.3d at 1218-19 (noting that a sentence's "reasonableness" hinged on whether the decision was both "reasoned and reasonable")); <u>United States v. Kristl</u>, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam).

Sanchez-Valdez suggests that his counsel was ineffective and that ineffectiveness caused him to enter into a coerced plea agreement in this case, or, at least, a plea agreement which he now seeks to refute. Sanchez-Valdez does not articulate with any specificity in what way his counsel was ineffective. He asserts that "encourag[ing] his client to plead guilty and sign an open ended plea agreement, when a trial would have acquitted him is displaying incompetence at best, or malicious conflict of interest, at worst." Motion to Show Cause for Relevancy of Claim at 1-2.

"Ineffective assistance of counsel claims 'should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.'" <u>Calderon</u>, 428 F.3d at 931 (quoting <u>United States v. Galloway</u>, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc)); <u>see also</u> <u>Massaro v. United States</u>, 538 U.S. 500, 504-05 (2003). Accordingly, even if we could identify a specific ineffectiveness claim alleged by

Sanchez-Valdez, we would not address it here.[2]  Sanchez-Valdez's other arguments, as stated in his response to his counsel's <u>Anders</u> brief, are equally unavailing and present no non-frivolous issue for appeal.

## CONCLUSION

We have carefully reviewed the record and Sanchez-Valdez's arguments and can identify no non-frivolous basis for an appeal.  We therefore GRANT Sanchez-Valdez's counsel's request to withdraw and we DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[2]To the extent Sanchez-Valdez is arguing that his counsel in the Adams County case was ineffective, we do not address that issue either, as this is not the proper forum or proceeding in which to make such a claim.